JOHN A. EATHERLY, COUNTY CLERK OF YORK COUNTY, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, EX REL. LEMUEL J. GANDY, TREASURER OF YORK COUNTY, DEFENDANT IN ERROR.

Tax lists: CORRECTION BY COUNTY CLERK. Under the revenue law of this state, it is only where the county commissioners have failed to settle with and allow the county treasurer credit for such property tax as he is unable to collect, or for errors in the assessment of real estate, or footings of tax books, that the county clerk has authority to examine such lists and correct the same.

ERROR to the district court for York county. Tried below before GEORGE W. POST, J.

*George B. France* (with whom were *Sedgwick & Power*), for plaintiff in error.

*W. P. Conner,* for defendant in error.

MAXWELL, J.

This action was commenced in the year 1881, in the district court of York county by the relator against the plaintiff in error, to compel him, as county clerk, to certify to the state auditor the valuation of property and the amount of taxes due thereon, for which the relator, as treasurer of York county, was entitled to credit, and to certify under the seal of his office the valuation of property and amount of taxes and special assessments due thereon, allowable to said treasurer in the settlement of his several accounts, and for other relief. On the hearing of the cause a peremptory writ of mandamus was allowed. Eatherly brings the cause into this court by petition in error.

It is alleged in substance in the alternative writ that the relator was county treasurer of said county, and Eatherly county clerk at the time stated; that on the 19th day of July, 1881, the relator filed with said clerk a statement in writing, setting forth in detail the name of each person charged with personal property tax, which the treasurer had been unable to collect by reason of the removal or insolvency of the person charged with such tax, the value of the property, the amount of such tax, the cause of the inability to collect the same, etc.

And at the same time said relator filed with said clerk a list of errors in the footings of tax books, giving in each case a description of the property, the valuation of the same, and the amount of taxes and special assessments due thereon, which list was duly verified by the oath of said relator; that on the 19th day of July, 1881, the board of county commissioners of said county being in legal session, examined said lists and approved the same, and entered an order to that effect; that Eatherly has failed and refused to certify to the state auditor the valuation of property and the amount of taxes due thereon for which the relator is entitled to credit, and has failed and refused to make and deliver to him the statements, certificates, and lists pertaining to the settlement of the accounts of the relator, to enable him to make a full and final settlement with the state auditor.    To this writ Eatherly filed an answer, wherein he states in substance that the lists furnished are incorrect, and personal property taxes for the years 1874-5–6 and 7, to the amount of $271.71, are collectible, giving the names of the individuals owing the same.    He admits that the county commissioners, on the 19th day of July, 1881, approved the list presented by the relator, but denies that said commissioners were in legal session at that time.    He also alleges that said lists were so imperfect and inaccurate as to render it impossible to determine whether the relator was to be credited or debited with the amounts, etc.

Eatherly v. The State.

Sec. 155 of the revenue law provides that: "On or before the first day of October, annually, and at such other times as the county board may direct, the county treasurer shall make out and file with the county clerk a statement in writing, setting forth in detail the name of each person charged with personal property tax, which he and other collectors have been unable to collect, by reason of the removal or insolvency of the person charged with such tax, the value of the property and the amount of tax, the cause of inability to collect such tax, in each separate case, in a column provided in the list for that purpose. Said treasurer shall, at the same time, make out and file with the county clerk a similar detailed list of errors in assessment of real estate, and errors in footing of tax books, giving in each case a description of the property, the valuation and amount of the several taxes and special assessments, and cause of error. The truth of the statement contained in such lists shall be verified by affidavit of the county treasurer."

Sec. 156 provides that: "If any lands or lots shall be delinquent for taxes or special assessments, the treasurer shall be entitled to a credit in his final settlement of the amount of the several taxes and special assessments thereon—the county to allow the amount of printers' fees thereon, and be entitled to said fees so allowed when collected: Provided, That the county treasurer shall not be entitled to credit for delinquent personal property until he has filed with the clerk an affidavit that he has been unable to collect the tax thereon by reason of a want of personal property of the owner thereof, and that to the best of his knowledge and belief no personal property of any such owner is in the county. If the county board be in session on the first of October, it shall settle with, and allow the county treasurer credit for such allowance as he may be legally entitled to."

Sec. 157 is as follows: "If there be no session of the board held at the proper time for settling and adjusting the accounts of the county treasurer, it shall be the duty of the

treasurer to file the lists with the county clerk, who shall examine said lists and correct the same, if necessary, in like manner as said board is required to do. Said county clerk shall make an accurate computation of the value of the property, and the amount of the delinquent tax and special assessments returned, for which the collector is entitled to credit."

Sec. 158 provides that: "The county clerk shall immediately, in either case, certify to the auditor of public accounts the valuation of property, and the amount of state taxes due thereon, for which the treasurer may be allowed credit."

It is only where the county commissioners fail to settle with the treasurer, and allow him credit for such allowance as he is entitled to, that the county clerk has authority to examine the lists and correct them. If an error is committed by the commissioners in making settlement, in the absence of fraud, it should be reviewed in a direct proceeding for that purpose. In any event, the clerk cannot ignore such settlement, and refuse to certify what the records of his office show is the condition of the accounts. The statute makes it his duty to certify to the auditor of public accounts the valuation of property and the amount of state taxes due thereon to which the treasurer is entitled to credit. This he admits he has failed to do, and he has neither pleaded nor proved any sufficient justification for such neglect. The judgment must therefore be affirmed.

JUDGMENT AFFIRMED.